United States District Court
Southern District of Texas
**ENTERED**
March 16, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| WESLACO INDEPENDENT SCHOOL DISTRICT, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| VS. | | CIVIL ACTION NO. 7:22-cv-00432 |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, et al., | | |
| Defendants. | | |

## ORDER AND OPINION

The Court now considers Defendants' motion to compel arbitration,[1] Plaintiff's response,[2] and Defendants' reply.[3] In the instant motion, Defendants argue that the parties are bound by an enforceable arbitration agreement, so this Court should compel arbitration and stay or dismiss under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention") and the Federal Arbitration Act ("the FAA").

### I.   BACKGROUND

This case arises out of an insurance dispute over storm damage sustained on July 25, 2020, from Hurricane Hanna.[4] Plaintiff claims covered damage to fifteen of its school buildings.[5] Plaintiff was insured by syndicated Defendants under a policy for the period of September 1, 2019, to September 1, 2020.[6]

---

[1] Dkt. No. 9.
[2] Dkt. No. 12.
[3] Dkt. No. 13.
[4] Dkt. No. 1-2 at 26-27.
[5] *Id.* at 28.
[6] Dkt. No. 10.

After the storm, Plaintiff filed a claim (CJW Claim Number 4172972),[7] and Defendants' adjuster inspected certain properties beginning August 7, 2020.[8] The original claim listed five properties and had only one property in common with the current list of fifteen: Rodolfo Rudy Silva Jr. Elementary School.[9] Defendants "determined that no monies were owed because estimated repairs for covered damage fell below the relevant policy deductible and some damage to the properties was the result of excluded perils."[10] Defendants issued their claims decision on or about November 12, 2020.[11]

Plaintiff filed presuit notice on November 3, 2022, and Defendants claim this was the first notice of loss on fourteen of the fifteen properties involved in the instant suit.[12] Plaintiff "disagrees with Insurer Defendants' position on the first notice of loss for the majority of Properties listed in the Notice Letter because all of these Properties were contained within the schedule of values that were insured at the time of the widespread weather event."[13]

On November 7, 2022, Plaintiff filed its original petition in state court alleging contractual and extracontractual claims.[14] On December 21, 2022, Defendants removed to this Court arguing that the Convention applies and vests this Court with original jurisdiction.[15] Defendants filed the instant motion on February 19, 2023.[16]

---

[7] Dkt. No. 9 at 10, ¶ 8.
[8] Dkt. No. 12 at 6, ¶ 4.
[9] Dkt. No. 9 at 10, ¶ 8.
[10] *Id.*
[11] Dkt. No. 1-2 at 27.
[12] Dkt. No. 9 at 10, ¶ 8.
[13] Dkt. No. 12 at 6, ¶ 5.
[14] Dkt. No. 1-2 at 21.
[15] Dkt. No. 1 at 5 (citing 9 U.S.C. § 203).
[16] Dkt. No. 9.

**II.    DISCUSSION**

A. <u>Ripeness under *Papalote Creek*</u>

Defendants move to compel arbitration under the Convention and FAA pursuant to the parties' agreement.[17] Plaintiff (rightly) does not dispute that arbitration is required, but narrowly argues that arbitration is premature because Defendants have not inspected all properties. Plaintiff argues that arbitration should only be ordered once the parties are clear on which property damage is in dispute.[18]

To support its argument, Plaintiff relies on *Papalote Creek*.[19] There, the Fifth Circuit considered arbitration of a liability cap in the absence of a breach of contract, and it held that the trial court may only compel arbitration where there is a ripe case or controversy.[20] Even if the Court believes that there is a valid and enforceable arbitration agreement, it "should dismiss a case for lack of ripeness where the case is abstract or hypothetical."[21]

Plaintiff would have the Court believe that its claims are too ripe to dismiss, but not quite ripe enough to arbitrate. This Goldilocks argument does not work.

Plaintiff's original petition indicates that there is a ripe case or controversy. Therein, Plaintiff claims that Defendants "ignored or overlooked storm damages to the roofing structures on the" fifteen school buildings and that they "conducted a substandard investigation and inspection of the properties (they only appear to have inspected 5 properties out of the multitude of buildings insured by [Defendants])."[22] Put differently, Defendants' failure to inspect all the properties *is part of the dispute*; it does not make the dispute speculative.

---

[17] Dkt. No. 10 at 44.
[18] Dkt. No. 12 at 5-6.
[19] *Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916 (5th Cir. 2017).
[20] *Id.* at 922.
[21] *Id.* at 924 (citing *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)) (internal quotations omitted).
[22] Dkt. No. 1-2 at 28-30.

Defendants deny that their investigation into Plaintiff's claim was inadequate, and they "dispute that Plaintiff complied with Policy conditions because it did not timely submit notice of [certain claims] and that as to the fifteenth property Plaintiff's demand is excessive."[23] Timeliness of notice is a quintessential "matter of difference" designated to the arbitration panel by the parties' agreement.

### B.  Unjust prejudice

Plaintiff's argument that it will be unjustly forced to incur costs in arbitration is premised on the notion that "the Court has discretion when the arbitration panel must be seated as the Policy does not specify a time period."[24] But that discretion is illusory. Once the moving party passes the four-prong test for compelling arbitration, "the Convention requires the district court to order arbitration unless it finds that the said agreement is null and void, inoperative or incapable of being performed."[25]

Defendant has proven that "(1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen."[26] Plaintiff does not dispute the elements, but objects only to make the (now disposed of) ripeness argument. Therefore, there is not occasion to discretionarily consider prejudice to Plaintiff.

### C.  Dismiss or stay

---

[23] Dkt. No. 13 at 4-5, ¶ 11.
[24] Dkt. No. 12 at 10, ¶ 13.
[25] *Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, 339 (5th Cir. 2004).
[26] *See id.*

The Court does have discretion to dismiss without prejudice instead of staying the case "when *all* of the issues raised in the district court must be submitted to arbitration."[27] If the parties' arbitration agreement is mandatory and covers all litigable issues, then there is no reason that the Court should keep this case on its docket.

The Court is convinced that the parties' agreement is mandatory and covers "[a]ll matters in difference between" the parties.[28] Plaintiff's response concerns dismissal for ripeness, which is not the Court's rationale.

### III. CONCLUSION

For the reasons analyzed herein, Defendants' motion to compel arbitration is **GRANTED**. Arbitration will proceed in the state of New York in accordance with the arbitration agreement,[29] and this case is **DISMISSED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

DONE at McAllen, Texas, this 16th day of March 2023.

_____
Micaela Alvarez
United States District Judge

---

[27] *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992).
[28] Dkt. No. 10 at 44.
[29] *Id.*